MISS CAROLINE L. BLOCK *v.* STEAMBOAT TRENT, CAPTAIN M. N. WOOD AND S. S. STRECK.

Steamboats and other vessels engaged in carrying passengers are responsible for the loss of all baggage which has been placed in the custody of the officer of the vessel, whose duty it is to receive and take care of baggage.

The Code of this State prohibits a plaintiff from testifying as to the value and nature of the contents of a lost trunk or baggage. The common law rule, in this respect, has never been adopted in this State.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *T. S. Bayne,* for appellant. *Race & Foster* and *E. T. Merrick,* for appellees.

TALIAFERRO, J. The plaintiff, intending to leave New Orleans for Donaldsonville, on the steamer Trent, a packet then running to Lafourche, sent her trunk in advance by a cabman, to be put on board the steamer. She failed, however, to go ; but a friend of hers, on the arrival of the boat at Donaldsonville, went on board to get the trunk, but it could not be found.

This suit is brought against the boat, and against the captain and first clerk, for the value of the trunk and its contents, consisting chiefly of the lady's wardrobe, which was valued by her at $552, and the trunk at thirty dollars.

Judgment was rendered in the lower Court for the whole amount claimed.

The defendants have appealed.

A detailed statement of the various articles contained in the trunk, with the valuation of each, was made out, and sworn to by the plaintiff. To this affidavit, and to the introduction of the plaintiff herself as a witness, to prove the contents of the trunk and their value, the defendants' counsel excepted, and the objection was sustained by the Court. A bill of exceptions was reserved to the ruling of the Court.

Testimony of this character which, under proper limitations, is admissible in common law proceedings, is prohibited by the provisions of our Code. This is well settled by the ruling of this Court in the case of *Alexander Pope* v. *Hall & Hildreth,* reported in 14 An. p. 324 et seq. See Civil Code, Articles 2257, 2940.

The exception was properly sustained.

Several other bills of exception appear in the record, but we do not deem it necessary, in the decision of this case, to give them a special consideration.

The plaintiff's case appears to be clearly made out. The cabman, by whom the trunk was sent, swears that he delivered it to the porter of the

Trent, on the boiler-deck of the boat.  The second clerk of the boat testifies that the porter in question had acted in that capacity only during two or three trips; that he had heard the captain say that he had lost an overcoat, and that he believed the porter had stolen it; that the porter had been discharged.  This witness saw the porter carrying off the boat with him a trunk answering the description of the plaintiff's, without any passenger following him.

Connecting the testimony of this witness with that of others, it appears that the porter was discharged about a week after the trunk had been put on board, and upon the first return of the boat to New Orleans, afterwards; for Washburn, a witness, swears that about that time he went on board the Trent to make inquiry after the trunk, and that, in a conversation with Captain Wood on the subject, the captain said he believed the porter to be a thief, and that he thought he had stolen the trunk; that he proposed to leave a man on shore to hunt the porter up.

Two ladies, the intimate friends of the plaintiff, testify in her behalf. They both fully establish the contents of the trunk and the value of the articles.  One of these witnesses lived in the house with the plaintiff, and assisted her in packing her trunk at the time it was sent to the Trent.

The value of the trunk is also fully proved.

The testimony, on the whole, leaves no reasonable doubt of the receipt of the trunk on board the boat, by the officer of the boat whose business it is to receive the baggage of passengers.  The loss of the trunk, its value, and the value of its contents, are also satisfactorily established.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.